UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------------

| | | |
|---|---|---|
| THE ESTATE OF NADINE STANLEY, | : | |
| | : | Case No. 1:20-cv-2392 |
| Plaintiff, | : | |
| | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Doc. 15] |
| CUYAHOGA COUNTY, et al., | : | |
| | : | |
| Defendants. | : | |

------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On August 25, 2020, Noshala Stanley, as administratrix of the estate of her mother, Nadine Stanley, brought Federal Eighth Amendment and Ohio wrongful death claims in the Cuyahoga County Court of Common pleas against Defendants Cuyahoga County, Cuyahoga County Corrections Center, and Cuyahoga County Health Care Services Department.[1]  The Plaintiff estate also sued the Cuyahoga County Sheriff, the Cuyahoga County Jail Warden, and the Cuyahoga County Director of Regional Corrections in their official capacities, along with seven unnamed Defendant Cuyahoga County Jail employees.[2]

On October 21, 2020, Defendants removed the case to this Court.  On November 3, 2020, Defendants moved to dismiss the case.[3]  Plaintiff neglected to respond to Defendants' motion for over six weeks until the December 18, 2020 Case Management Conference, where the parties agreed that Plaintiff would file an amended complaint.[4]

_____

[1] Doc. 1-1.
[2] *Id.*
[3] Doc. 4.
[4] Doc. 10.

Case No. 1:20-cv-2392
Gwin, J.

On December 30, 2020, Plaintiff filed an amended complaint.[5]  On January 20, 2021, Defendants filed a renewed dismissal motion.[6]  Plaintiff again neglected to respond to Defendants renewed motion for over six weeks until the March 5, 2021 Status Conference.[7]  There, the Court ordered Plaintiff to respond to Defendants' dismissal motion by March 15, 2021.[8]

On March 23, 2021, because Plaintiff still had not responded to Defendants' dismissal motion, the Court ordered Plaintiff to answer the motion by April 2, 2021.[9]  As of the date of this order, Plaintiff still has not answered Defendants' dismissal motion.

The Court accordingly considers Defendants' dismissal motion without Plaintiff's response.  For the reasons stated below, the Court **GRANTS** Defendants' dismissal motion as to Plaintiff's federal claims.  Further, the Court declines to exercise jurisdiction over and accordingly **DISMISSES** Plaintiff's remaining state claims.

## I.  BACKGROUND

According to the complaint, on February 5, 2017, Nadine Stanley, 37, was treated at MetroHealth Hospital in Cleveland for leg swelling, pain, and inability to walk.[10]  Two days later, on February 7, 2017, Stanley was taken into custody at Cuyahoga County Jail after being arraigned on criminal charges.[11]

---

[5] Doc. 12.
[6] Doc. 15.
[7] Doc. 17.
[8] *Id.*
[9] Doc. 18.
[10] Doc. 12 at 3.
[11] *Id.* at 2.

Case No. 1:20-cv-2392
Gwin, J.

The short complaint alleges that during Stanley's incarceration at Cuyahoga County Jail, "Defendants deprived [Stanley] of reasonable and necessary medical care and completely ignored [Stanley's] medical complaints, obvious pain and demands to be taken to the hospital."[12] Eventually, on February 14, 2017, Stanley suffered a pulmonary embolism in her cell.[13] Defendants then allegedly "failed to respond to [Stanley's] critical medical emergency and left her to die in her cell," ultimately "directly and proximately causing" Stanley's death.[14]

Defendants, according to the complaint, each "negligently, recklessly, through neglect of duty and/or with negligent indifference or disregard, failed to assess medical needs and provide urgent medical care to [Stanley]."[15] Nor, the complaint alleges, was Defendants' neglect of Stanley an isolated incident. Rather, Defendants maintain a "policy and custom of routinely ignoring the requests for medical care of inmates," "as proven by the numerous wrongful deaths of other inmates during the same time period."[16] Reflecting that policy, "Defendants failed to adequately train jail and medical personnel in adequately identifying the need for critical care of inmates," in violation of Federal and Ohio law.[17]

Defendants move to dismiss, arguing that: (1) the Cuyahoga County Corrections Center and Health Care Department are not independent entities capable of being sued apart from Cuyahoga County, (2) Plaintiff's official capacity claims against the Cuyahoga County Sheriff, Warden, and Regional Corrections Director are redundant with Plaintiff's claims

---

[12] *Id.* at 3.
[13] *Id.*
[14] *Id.*
[15] *Id.* at 4.
[16] *Id.*
[17] *Id.*

Case No. 1:20-cv-2392
Gwin, J.

against Cuyahoga County; (3) Plaintiff has not adequately pleaded personal capacity claims against the Cuyahoga County Sheriff, Warden, Regional Corrections Director, or unnamed employee Defendants; and (4) Plaintiff has not adequately pleaded a plausible *Monell* claim against Cuyahoga County.[18]

The Court now takes up the uncontested dismissal motion.

## II.     LEGAL STANDARD

To survive a motion to dismiss, Plaintiff's complaint "must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face."[19]  Although the Court reads the complaint generously, it will not presume facts not contained in the complaint.[20]  The Court also "need not accept as true a legal conclusion couched as a factual allegation, or an unwarranted factual inference."[21]

## III.     DISCUSSION

### A. *Claims Against the Cuyahoga County Corrections Center and Health Care Department*

Defendants correctly argue that the Cuyahoga County Corrections Center and Health Care Department are merely Cuyahoga County entities and are thus incapable of suing or being sued apart from the County.[22]  Cuyahoga County Corrections Center and Health Care Department are not Ohio political subdivisions capable of being sued in a 42 U.S.C. § 1983

---

[18] Doc. 15.

[19] *Matthew N. Fulton, D.D.S., P.C. v. Enclarity, Inc.*, 962 F.3d 882, 887 (6th Cir. 2020) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[20] *Schwamberger v. Marion Cnty. Bd. Of Elections*, 988 F.3d 851, 856 (6th Cir. 2021).

[21] *Handy-Clay v. City of Memphis*, 695 F.3d 531, 539 (6th Cir. 2012).

[22] *King v. Cuyahoga Cnty. Jail*, 1:19-cv-1449, 2019 WL 5653296, at *2 (N.D. Ohio Oct. 31, 2019) (citing *Carmichael v. City of Cleveland*, 571 F. App'x 426, 435 (6th Cir. 2014)).

Case No. 1:20-cv-2392
Gwin, J.

action.[23]    Because the County itself is a defendant in this case, the claims against the

Corrections Center and Health Care Department are dismissed.[24]

> B. *Official Capacity Claims Against the Cuyahoga County Sheriff, Warden, and Regional Corrections Director*

Plaintiff also sues the Cuyahoga County Sheriff, Warden, and Regional Corrections

Director in their official capacities.  But "[o]fficial capacity suits . . . represent only another

way of pleading an action against an entity of which an officer is an agent."[25]  As such, official

capacity suits against governmental entity agents are treated as suits against the governmental

entity itself.[26]  Where, as here, Cuyahoga County itself is sued alongside its agents in their

official capacities, the official capacity agent claims may be dismissed as superfluous.[27]  The

Court accordingly dismisses the official capacity claims.

> C. *Personal Capacity Claims Against the Individual Defendants.*

Although Plaintiff's complaint does not explicitly state that it brings personal capacity

claims against the individual defendants in addition to the official capacity claims just

discussed, the Court construes the complaint as bringing such claims for purposes of review.

As for the claims against the Cuyahoga County Sheriff, Warden, and Regional

Corrections Director, the Court notes that liability under 42 U.S.C. § 1983 may not be

imposed based upon *respondeat superior*.[28]  That is, supervisors such as the Cuyahoga

---

[23] *Id.*
[24] *Id.*
[25] *Everson v. Leis*, 556 F.3d 484, 494 n.3 (6th Cir. 2009) (citing *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 690 n.55 (1978)).
[26] *Cady v. Arenac County*, 574 F.3d 334, 342 (6th Cir. 2009) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)).
[27] *Foster v. Michigan*, 573 F. App'x 377, 390 (6th Cir. 2014).
[28] *Pineda v. Hamilton County*, 977 F.3d 483, 490 (6th Cir. 2020) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676–77 (2009)).

Case No. 1:20-cv-2392
Gwin, J.

County Sheriff, Warden, and Regional Corrections Director cannot be found liable based only on the actions of their subordinates.[29]  Rather, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."[30]

The complaint does not refer to any single Defendant individually but rather refers to the individual and institutional defendants collectively throughout.  In doing so, the complaint uses highly generalized and non-specific language in laying out its Eighth Amendment claim.  For instance, the complaint alleges that Defendants "negligently, recklessly, through neglect of duty and/or with negligent indifference or disregard, failed to assess medical needs and provide urgent medical care to [Nadine Stanley] while [Stanley] was within their exclusive custody and control, directly and proximately and wrongfully causing [Stanley's] death."[31]

Though courts treat complaints charitably at this early litigation stage, applicable precedent makes clear that courts need not go so far as to presume facts not found in the complaint or accept rote statements of legal claim elements as true without supporting facts that make the claim plausible.[32]

The present complaint is almost entirely bereft of supporting details beyond Nadine Stanley's cause of death and the foot pain and swelling which had been treated shortly before she was taken into custody at Cuyahoga County Jail.  The complaint does not describe at all how any particular Defendant was involved in the events leading up to Stanley's death.  Nor

---

[29] *Id.*
[30] *Iqbal*, 556 U.S. at 676.
[31] Doc. 12 at 3–4.
[32] *Schwamberger*, 988 F.3d at 856; *Handy-Clay*, 695 F.3d at 539.

Case No. 1:20-cv-2392
Gwin, J.

does it allege any facts that might allow Plaintiff to meet the high Eighth Amendment deliberate indifference bar, including the claim's subjective and objective components, against any Defendant.[33]

The complaint does not plead sufficient facts to show that any Defendant "through the [Defendant's] own individual actions, has violated the Constitution."[34]  Instead, the complaint consists entirely of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."[35]  Such "legal conclusion[s] couched as a factual allegation[s]" are not entitled to the assumption of truth applicable to well-pleaded facts at the motion to dismiss stage.[36]

The Court accordingly dismisses the personal capacity claims against the individual defendants.

### D. Monell *Claim Against Cuyahoga County*

That leaves Defendant Cuyahoga County.  To state a claim against a municipal entity, a plaintiff must allege "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance [of] or acquiescence [to] federal rights violations."[37]

---

[33] *See Wilson v. Williams*, 961 F.3d 829, 839–40 (6th Cir. 2020).
[34] *Iqbal*, 556 U.S. at 676.
[35] *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).
[36] *Handy-Clay*, 695 F.3d at 539.
[37] *D'Ambrosio v. Marino*, 747 F.3d 378, 386 (6th Cir. 2014).

Case No. 1:20-cv-2392
Gwin, J.

The complaint first alleges that "Defendants have a custom of regularly violating the federal and state rights of inmates, by failing to provide necessary and life-saving medical treatment."[38]

Plaintiff's allegation, yet again, is merely a word-for-word recitation of the elements of a legal claim bereft of any supporting detail.  Indeed, Plaintiff's claim does not even mention Cuyahoga County separately in describing the alleged custom, let alone affirmatively plead facts showing that the alleged "policy or practice [is] attributable to the municipality."[39]  Plaintiff's threadbare allegations are a far cry even from much more detailed *Monell* claims that the Sixth Circuit has dismissed as inadequately pleaded.[40]

Next, the complaint states "Defendants failed to adequately train jail and medical personnel in adequately identifying the need for critical care of inmates" evidenced by "numerous wrongful deaths of other inmates during the same time period that [Nadine Stanley's] wrongful death was caused."[41]

This claim fails for similar reasons.  Beyond the mere allegation that others have died from medical neglect on Cuyahoga County's watch, the complaint provides no additional details.  Even if this allegation were assumed to be true, it does not show "(1) a clear and persistent pattern of unconstitutional conduct by [Cuyahoga County] employees; (2) [Cuyahoga County's] notice or constructive notice of the unconstitutional conduct; or (3) [Cuyahoga County's] tacit approval of the unconstitutional conduct" sufficient to support a

---

[38] Doc. 12 at 4.
[39] *Heyerman v. County of Calhoun*, 680 F.3d 642, 648 (6th Cir. 2012).
[40] *See, e.g.*, *D'Ambrosio*, 747 F.3d at 387.
[41] Doc. 12 at 4.

Case No. 1:20-cv-2392
Gwin, J.

policy of inaction claim.[42]  Nor does it show Cuyahoga County's "awareness of a prior pattern

of similar constitutional violations" necessary for a failure to train claim.[43]

Plaintiff accordingly fails to allege a plausible *Monell* claim.

*E.  State Law Wrongful Death Claim*

As for Plaintiff's state claim, where all federal claims are dismissed before trial, district

courts ordinarily may dismiss any remaining state claims.[44]  The Court sees no reason to

depart from that rule in this case.

IV.     CONCLUSION

For these reasons, the Court **GRANTS** Defendants' dismissal motion as to Plaintiff's

federal claims.  Further, the Court declines to exercise jurisdiction over and accordingly

**DISMISSES** Plaintiff's remaining state claims.

IT IS SO ORDERED

Dated:  April 13, 2021                                     s/      *James S. Gwin*
                                                                       JAMES S. GWIN
                                                                       UNITED STATES DISTRICT JUDGE

---

[42] *D'Ambrosio*, 747 F.3d at 387.
[43] *Id.* at 388 (citing *Connick v. Thompson*, 563 U.S. 51, 62 (2011)).
[44] *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996); 28 U.S.C. § 1367(c)(3).